UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY BRANNIC,

v.  Case No.   8:91-cr-360-T-17EAJ
                        8:04-cv-951-T-17EAJ

UNITED STATES OF AMERICA.

_____/

## ORDER

On April 21, 2004, Defendant Larry Brannic (Brannic) signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1 cv)[1]

PROCEDURAL HISTORY

On December 13, 1991, Brannic was indicted by a federal grand jury in the Middle District of Florida on the following charges: conspiracy to possess with intent to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (a)(1) (Counts Two through Four), and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) (Count Five). (Doc. No. 1 cr)

On June 23, 1992, Brannic entered a plea of guilty to all five counts of the indictment with this Honorable Court, pursuant to a plea agreement. (Doc. No. 96 cr) On January 22, 1993, this Court sentenced Brannic to life imprisonment as to Counts One and Five, and 294 months' imprisonment as to Counts Two, Three and Four, to run concurrent

---

[1] Citations to the civil case will be indicated by including "cv" in the citation. Citations to the criminal case will be indicated by including "cr" in the citations.

with each other and with the sentence imposed in Counts One and Five. (Doc. No. 100 cr)

Following judgment, Brannic filed a notice of appeal. (Doc. No. 101 cr) However, Brannic's counsel later filed a motion to withdraw the appeal with the United States Court of Appeals for the Eleventh Circuit. On January 26, 1995, the Eleventh Circuit affirmed Brannic's final judgment, noting "because independent examination of the record as a whole reveals no issues of arguable merit, counsel's motion to withdraw is hereby GRANTED and appellant Brannic's conviction and sentence are AFFIRMED." (see Attachment to Doc. No. 157 cr)

On April 23, 1999, this Court resentenced Brannic pursuant to 18 U.S.C. § 3582(c)(2) regarding USSG Amendment 433. The Court reaffirmed Brannic's previous sentence of life imprisonment as to Counts One and Five, and reduced his sentence to 140 months' imprisonment for Counts Two through Four, to run concurrent to the sentence imposed in Counts One and Five. (Doc. Nos. 149, 150 cr) The amended judgement was entered April 29, 1999. Brannic did not file an appeal of his amended judgment with the United States Court of Appeals for the Eleventh Circuit.

On September 8, 1999, Brannic filed a section 2255 motion raising four grounds for relief. (Doc. No. 153 cr) The Government responded to the motion to vacate, and Brannic filed a reply to the response. (Doc. Nos. 157, 158 cr) On October 10, 2001, Brannic filed a motion to void the judgment for lack of legislative jurisdiction to prosecute him. (Doc. No. 170 cr). On November 9, 2001, Brannic filed a motion for voluntary dismissal of the section 2255 motion. (Doc. No. 172 cr)

On July 23, 2002, the Court granted the motion for voluntary dismissal of the section 2255 motion and denied Brannic's motion to void the judgment for lack of legislative

jurisdiction to prosecute him. (Doc. No. 182 cr). On August 2, 2002, Brannic filed an objection or motion for reconsideration of the denial of the order to void judgment for lack of legislative jurisdiction. (Doc. No. 183 cr).

Subsequently, Brannic filed a petition for writ of mandamus in the United States District Court for the Eleventh Circuit, seeking to have the Eleventh Circuit grant his motion to void judgment for lack of legislative jurisdiction to prosecute him. On December 24, 2002, the Eleventh Circuit denied the petition stating:

> Larry Brannic petitions this Court for a writ of mandamus, requesting that we compel the district court to grant his motion to "void judgment for lack of legislative jurisdiction to prosecute petitioner." He claims that Congress lacked jurisdiction to pass the law under which he was convicted.
>
> Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). The petitioner has the burden of showing that he has no other avenue of relief and that his right to relief is clear and indisputable. See Mallard v. United States Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L. Ed. 318 (1989).
>
> Brannic seeks an order directing the U.S. Attorney to prove "legislative jurisdiction" by producing documents pursuant to U.S.C. § 255. This statute relates to the documentation process for obtaining jurisdiction over federal land acquisitions, and has no application to Brannic's criminal case. Accordingly, Brannic has not shown a clear and indisputable right to relief. To the extent that Brannic wishes to challenge the constitutionality of his sentence, mandamus relief is unavailable. Brannic has an adequate alternative remedy in that he may file a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. He may also appeal from the district court's denial of his motion to void judgment. See 28 U.S.C. § 1291. Accordingly, the mandamus petition is **DENIED.**

(Doc. No. 185 cr)

Brannic did neither. On April 9, 2003, this Court denied Brannic's objection or motion for reconsideration of the denial of his motion to void judgment. (Doc. No. 187 cr) Brannic

then filed a motion to vacate, which he signed on April 21, 2004. This Court denied the motion to vacate as time-barred. (Doc. No. 190 cr). The United States Court of Appeals for the Eleventh Circuit denied his motion for certificate of appealability because the motion to vacate was untimely and Brannic failed to argue that he was entitled to equitable tolling.

Now, Brannic has filed a document entitled, "Motion for Review of Sentence and To Reopen Judgment in the above Style Case Number Pursuant to Fed. R. Civ. P. Rule 60 (b)(6)." (Doc. 192 cr). Having considered the motion, the Court orders:

That Brannic's "Motion for Review of Sentence and To Reopen Judgment in the above Style Case Number Pursuant to Fed. R. Civ. P. Rule 60 (b)(6)" (Doc. 192 cr) is denied.

ORDERED in Tampa, Florida, on January 25th, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
AUSA: Donald L. Hansen
Pro se litigant: Larry Brannic

-4-